UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-20260-JB

HOWARD COHAN,

     Plaintiff,

vs.

FIVE BELOW, INC.
a Foreign Profit Corporation
d/b/a FIVE BELOW

     Defendant(s).

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITOIN
TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned Counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby files his Response in Opposition to Defendant, FIVE BELOW, INC., a Foreign Profit Corporation, d/b/a FIVE BELOW ("Defendant"), Motion to Dismiss Plaintiff's Amended Complaint filed on April 24, 2025 [D.E. 26] ("Motion to Dismiss"), and in support states as follows:

**INTRODUCTION**

Defendant's Motion to Dismiss alleges that Plaintiff lacks standing, claiming that (1) the claims are barred by a prior settlement agreement, (2) Plaintiff has not adequately alleged an injury in fact, and (3) there is no real threat of future injury due to the distance between Plaintiff's residence and the stores.

Rather than address its ongoing discriminatory conduct, Defendant attempts to avoid liability by arguing that Plaintiff's documented disabilities do not constitute real injuries because

he is not wheelchair-bound, despite Plaintiff's multiple severe physical impairments including spinal stenosis, shoulder injuries, and joint conditions that substantially limit major life activities. Defendant also attempts to minimize Plaintiff's clear intention to return to these stores, ignoring his regular travel to the Miami/Dade County area for sporting events, visits with friends and family, and his established pattern of purchasing children's gifts at Five Below locations. The fact that Plaintiff pleads concrete plans to return to the Kendall area by August 2025 and the Winter Springs area by December 2025 demonstrates the real and immediate threat of future injury.

Plaintiff has properly stated a cause of action under the ADA, demonstrated concrete injuries from specific accessibility barriers at each location, and established a credible threat of future injury through his documented travel patterns and specific plans to return to these stores once the discriminatory barriers are removed. Notably, Defendant does not claim in its Motion to Dismiss that the Premises are compliant with Title III of the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq. ("ADA").  The reasoning for the above is simply because Defendant cannot deny that it is operating multiple places of public accommodation that are inaccessible to persons with disabilities in violation of the ADA.  Rather than admit to its ongoing discriminatory conduct, the Defendant has decided to file a Motion to Dismiss attacking Plaintiff.

## STATEMENT OF FACTS

1.     Plaintiff alleges that he is a person suffering from a "qualified disability" pursuant to the ADA at the time of the visit to Defendant's Premises (and prior to instituting this action). [D.E. 24 at ¶ 6]. Specifically, Plaintiff alleges he suffers from severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a

repaired ACL and bilateral meniscal tear of the left knee; severe basal joint arthritis of the left thumb, multiple tears of the ligaments (chronic and acute) of the right dominant hand, as well as a form of Lupus causing arthritic joint pain. [D.E. 24 at ¶ 6]. The Plaintiff further alleges that the above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. [D.E. 24 at ¶ 6]. As a result of these medical conditions Plaintiff's suffers body weakness, mobility limitations, abnormal gait, and abnormal balance. [D.E. 24 at ¶ 6]. Additionally, his ability to lift, reach, bend, stretch, and twist are all substantially restricted. [D.E. 24 at ¶ 6].

2.      Plaintiff alleges Defendant is the owner/operator of three retail store locations subject to this suit: (1) 7240 SW 88th Street, Miami, FL 33156 ("88th Kendall Location"); (2) 10600 N Kendall Drive, Miami, FL 33176 ("10600 Kendall Location"); and (3) 1425 Tuskawilla Road, Unit 215, Winter Springs, FL 32708 ("Winter Springs Location") (collectively, the "Premises"). [D.E. 24 at ¶ 4].

3.      Plaintiff alleges that he visited the 88th Kendall Location and 10600 Kendall Location on July 3, 2024, and the Winter Springs Location on August 14, 2024, in his individual capacity and as a "tester." [D.E. 24at ¶ 7 ]. During these visits, Plaintiff was denied equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Premises, even though he would be classified as a "bona fide patron." [D.E. 24 at ¶ 6-10].

4.      Plaintiff alleges that he will avail himself of the services offered at the Premises in the future provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities. [D.E. 24 at ¶¶ 23-26, 32-34, 26].

5.      Plaintiff further alleges that he has a significant history of visiting and repeatedly returning to the area where the Premises are located, providing the dates of his regular visits over

the last five years, and including the dates of visits that even post dated the visits to each of the subject properties showing that IF Defendant corrected the barriers Plaintiff would have been able to return to the property given he has repeatedly been back to the area. [D.E. 24 at ¶¶ 12-21].

6.    Plaintiff further establishes in his Amended Complaint that he has a history of frequenting and visiting Five Below as he has young children in his life who he frequently buys gifts for. [D.E. 24 at ¶ 22]. Plaintiff provides the known dates of visits to Five Below locations within just the last year. [D.E. 24 at ¶ 22].

7.    Plaintiff alleges that Defendant's Premises are places of public accommodation covered by the ADA and must be in compliance therewith. [D.E. 24 at ¶31].

8.    Plaintiff alleges that Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv). [D.E. 24 at ¶ 32].

9.    Plaintiff alleges that Defendant has violated the ADA and is discriminating against Plaintiff as a result of specific barriers that are in violation of the ADA. [D.E. 24 at ¶ 36]. Plaintiff provides how each of these alleged violations relate to his specific disabilities (i.e. how he is injured by the alleged violations). [D.E. 24 ¶¶ 36I-36III] and a Readily Achievable Alteration/Modification for each barrier encountered.

       a. At the 88th Kendall Location, Plaintiff encountered multiple ADA violations in both Family Restrooms, including: Door pressure exceeding five pound limit; Improper door maneuvering clearance (14"); Water closet incorrectly positioned

4

(19" from wall); Improper toilet paper dispenser position; Lack of proper sink plumbing insulation; and Incorrect grab bar length/spacing. [D.E. 24 ¶¶ 36Ia-36Ih]

b. At the 10600 Kendall Location, Plaintiff encountered violations in both the Unisex Restroom and Family Restroom, including: Improper accessible restroom signage; Insufficient clear floor space around water closet; Improper grab bar configuration; Incorrect toilet paper dispenser position; Soap dispenser mounted too high (50"); Missing sink plumbing insulation; and Coat hook mounted too high (49"). [D.E. 24 ¶¶ 36IIa-36IIi]

c. At the Winter Springs Location, Plaintiff encountered violations in both Family Restrooms, including: Door pressure exceeding 5 pounds; Improper clearance due to trash can placement; Water closet position incorrect (20.25" from wall); Non-functional toilet seat; Blocked grab bars; Multiple fixtures mounted too high (49"); Missing sink plumbing insulation; Insufficient knee clearance; and Low sink mounting. [D.E. 24 ¶¶ 36IIIa-36IIIt]

10.     Each of these barriers directly impacts Plaintiff's ability to access and use the facilities due to his documented disabilities. For example, excessive door pressure aggravates his shoulder injuries, improper grab bar placement affects his ability to safely transfer due to his spinal and knee conditions, and incorrectly positioned fixtures require painful reaching and twisting movements that exacerbate his multiple conditions. [D.E. 24 ¶ 36]

11.     Plaintiff alleges that the correction of the barriers is readily achievable to modify and that the violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. [D.E. 24 at ¶¶ 36, 40,  42 and 43].

**STANDARD OF REVIEW**

On a motion to dismiss, the Court is required to view the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *see also Anthony Sterling, MD. v. Provident Life and Acc. Ins. Co.*, 519 F. Supp. 2d. 1 195, 1209 (M.D. Fla. 2007). On a motion to dismiss the complaint for failure to state a claim, the Court's scope of review concerns the allegations contained within the four (4) corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002); *see also Rickman v. Precisionaire, Inc*., 902 F. Supp. 232, 233 (M.D. Fla. 1995). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1995). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] 'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Mulhall v. Unite Here*, Local 355, 618 F.3d 1279, 1286 (11th Cir. 2010) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1988). As set forth below, Defendant's Motion to Dismiss must be denied because Plaintiff's allegations *within* his Amended Complaint do not constitute a shotgun pleading and sufficiently satisfy and set forth the required factors to state a cause of action under the ADA.

## **MEMORANDUM OF LAW**

### **I.    The Prior Settlement Agreement's Release Does Not Bar Plaintiff's Claims**

Defendant's argument that Plaintiff's claims are barred by a prior settlement and release is misguided. The settlement agreement from Plaintiff's earlier case was explicitly limited to the specific properties that were the subject of that prior litigation, and its release extends only to

claims relating to those properties – not to every potential claim Plaintiff might have against Defendant.

In the previous action, the parties' settlement defined the "Properties" at issue as three identified store locations of the Defendant (with precise addresses). The agreement then released Defendant from "any and all claims and causes of action which Plaintiff now has, has had or may claim to have had…relating to matters alleged…in the [prior] Action…including, but not limited to…disability accessibility laws, and…any and all claims relating to the Properties." (emphasis added). By its plain terms, the release is tethered to claims "relating to the Properties" involved in that case – i.e., the specifically enumerated store locations.

The present lawsuit, however, involves a different property that was not part of the prior action or settlement. Plaintiff's ADA claim arises from a distinct set of facts and violations at this separate location. Nothing in the settlement agreement purports to release future claims regarding other, unmentioned properties. Courts interpret a release according to its plain language and the intent of the parties, and will not extend a release beyond its unambiguous scope. Here, the parties' intent – evident from the agreement's text – was to resolve and release only claims pertaining to the three listed stores in the prior lawsuit. There is no indication that Plaintiff agreed to waive claims about different locations or future ADA violations unrelated to the Properties identified in the agreement.

Further, Defendant improperly raises this issue in its motion as the argument is an affirmative defense and the existence of an affirmative defense will not support a motion to dismiss" unless the defense clearly appears on the face of the complaint. *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984see also Concordia v. Bendekovic, 693 F.2d 1073 (11th Cir. 1982); *United States v. Ashbritt, Inc.*, No. 09-20458-Civ-TORRES, 2009 U.S.

Dist. LEXIS 139365, at *6-7 (S.D. Fla. July 21, 2009). Since intent is a factual issue, it must be resolved at trial or on a motion for summary judgment."); *see also Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 540 (5th Cir. 1978) ("Thus, when determining the effect to be given a decree entered by consent of the parties, consideration is to be given to their intention with respect to the finality to be accorded the decree as reflected by the record and the words of their agreement.").

## II.   Plaintiff Has Standing and Has Properly Alleged His Intention to Return to the Property

It is well established that in order to obtain standing under Article III of the Constitution, a plaintiff must establish three requirements: (1) "injury-in-fact"; (2) "a causal connection between the asserted injury-in-fact and the challenged action of the defendant"; and (3) "that the injury will be redressed by a favorable decision." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013)(quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). Because injunctive relief is the only form of relief available to plaintiffs suing under Title III of the ADA, the injury-in-fact requirement also mandates that the plaintiff "show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Marod Supermarkets*, 733 F.3d at 1328 (citing *Wooden v. Bd. Of Regents of Univ. Sys. Of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)).

Defendant's primary argument in its Motion to Dismiss is that Plaintiff lacks standing because: (1) Plaintiff has not adequately alleged an injury in fact since he is not wheelchair-bound, and (2) there is no real threat of future injury due to the distance between Plaintiff's residence and the stores. These arguments fail both factually and legally.

To the contrary, in the Amended Complaint, Plaintiff has met the required standards to state a claim upon which relief can be granted as Plaintiff has adequately pleaded both an injury in fact and a threat of future injury.

### A. *Plaintiff Has Sufficiently Alleged Concrete Injury in Fact*

Plaintiff has clearly alleged concrete injuries stemming from specific accessibility barriers at each of Defendant's Premises. Plaintiff suffers from multiple severe physical impairments, including spinal stenosis of the lumbar spine with spondylolisthesis, spinal stenosis of the cervical spine with nerve root compromise, shoulder injuries, knee injuries, and severe joint conditions that substantially limit major life activities. During his visits to Defendant's stores in July and August 2024, Plaintiff encountered numerous barriers that directly impacted his ability to access and use the facilities due to these documented disabilities.

Defendant's argument that Plaintiff lacks standing simply because he does not allege he is wheelchair-bound fundamentally misunderstands both the ADA and the nature of persons with disabilities. The ADA protects individuals with a broad range of disabilities, not just those requiring wheelchairs. The barriers Plaintiff encountered directly relate to his documented physical limitations and substantially affect his ability to access and use Defendant's Premises.

Defendant's argument is not only speculative and baseless, it is contradicted by the detailed factual allegations in the Amended Complaint. As explained in Paragraph 36 and other portions of the pleading, Plaintiff suffers from a constellation of severe orthopedic, rheumatological, and neurological disabilities that substantially limit major life activities. These conditions result in difficulty walking, standing, maintaining balance, bending, and reaching. The accessibility barriers described are not limited in impact to wheelchair users alone.

Defendant goes one step further, by proclaiming without any support or basis and with a complete disregard for the pleading standard of a motion dismiss, that fifteen (15) barriers to access only apply to people in wheelchairs. Defendant then makes the simplistic leap that since Plaintiff is not in a wheelchair then he must not need these items.

Just to demonstrate the short-sighted nature of Defendant's claim, clearly someone who is blind, or who someone who requires a cane or walker to walk, or who is elderly also was contemplated by the ADA when they required grab bars. Put frankly, it is not for Defendant to blanketly decide whether Plaintiff needs a required element under the ADA and it is certainly not for Defendant to do so at the Motion to Dismiss stage when Plaintiff has specifically pled the barriers he encountered, the violation that resulted, and the impact that barrier personally had on him.

To briefly address each barrier identified by Defendant, Plaintiff specifically pled as follows:

- **(a) Excessive door/gate pressure** – ¶¶ 36.I.a, 36.I.f, 36.III.a, 36.III.j: Plaintiff alleges the doors require more than 5 lbs. of pressure to open, which poses a barrier due to his back, shoulder, and hand impairments that limit his ability to exert force or sustain pressure.

- **(b) Improper maneuvering clearance at swinging door/gate** – ¶¶ 36.I.b, 36.III.b, 36.III.k: Plaintiff identifies that the swinging doors are obstructed by walls or fixtures, restricting his ability to approach and pass through with stability and safety given his balance and gait limitations.

- **(c) Improper toilet placement relative to wall** – ¶¶ 36.I.c, 36.III.c, 36.III.l: Plaintiff asserts that the water closets are not positioned at compliant distances from adjacent walls, thereby limiting his ability to reach grab bars and transfer safely.

- **(d) Improper toilet paper dispenser height/placement** – ¶¶ 36.I.d, 36.I.g, 36.II.d, 36.III.i, 36.III.q: Plaintiff details that toilet paper dispensers are either too high or too far from the toilet, which impedes his access due to mobility restrictions and limited reach.

- **(e) Uninsulated pipes/sharp objects under sinks** – ¶¶ 36.I.e, 36.II.f, 36.III.h, 36.III.s: Plaintiff alleges lack of insulation around pipes under lavatories, exposing him to risk of injury or burns because he must use fixtures for support while standing.

- **(f) Improper rear grab bar spacing/length** – ¶¶ 36.I.h, 36.II.c, 36.III.p: Plaintiff alleges the grab bars are either too short or spaced incorrectly, making them unusable as intended for support while transferring.

- **(g) Missing accessible restroom signage or redirection** – ¶¶ 36.II.a, 36.II.h: Plaintiff asserts that signage was missing or failed to guide patrons to an accessible facility, preventing him from locating usable restrooms.

- **(h) Inadequate floor space around toilet** – ¶ 36.II.b: Plaintiff pleads that objects intrude into required clearance zones, preventing him from safely approaching or transferring onto the toilet.

- **(i) Soap dispenser mounted too high** – ¶¶ 36.II.e, 36.III.f, 36.III.r: Plaintiff alleges that soap dispensers are placed outside of accessible reach range, obstructing his ability to wash hands without straining.

- **(j) Coat hook not within reach range** – ¶¶ 36.II.g, 36.III.g: Plaintiff claims coat hooks are too high, making them unusable due to his shoulder and upper arm limitations.

- **(k) No fully accessible public restroom** – ¶ 36.II.i: Plaintiff alleges the restroom open to the public fails to meet ADA standards, precluding him from safe use altogether.

- **(l) Operable parts not in reach range or not functional** – ¶¶ 36.III.d, 36.III.m: Plaintiff alleges stall hardware and other operable parts are either missing or not within accessible range, denying him independent use of facilities.

- **(m) Paper towel dispenser too high** – ¶¶ 36.III.e, 36.III.o: Plaintiff pleads that towel dispensers are mounted beyond reach, preventing hygienic hand drying without undue effort or pain.

- **(n) Grab bar obstructed by protruding object** – ¶ 36.III.n: Plaintiff asserts that grab bars are blocked by fixtures or dispensers, limiting his ability to grip and stabilize himself.

- **(o) Lack of proper knee clearance at sink** – ¶ 36.III.t: Plaintiff notes that sinks lack adequate clearance underneath, hindering his approach and use due to his back and knee issues.

Each of these violations is linked to Plaintiff's specific medical impairments, and each paragraph of the Amended Complaint asserts how the violation causes difficulty or risk. Plaintiff also alleges that these barriers could be corrected with readily achievable modifications. The ADA Accessibility Guidelines (ADAAG) do not restrict application of these features to wheelchair users alone. The allegations here are sufficient to establish a concrete and particularized injury under Article III.

Defendant also argues that Plaintiff has not alleged standing because he does not expressly state that he used the specific inaccessible elements. For example, Defendant notes that Plaintiff does not allege he actually sat on a toilet, as if a plaintiff must physically risk injury to demonstrate standing. This misstates the pleading standard. Plaintiff is not required to subject himself to foreseeable harm to satisfy Article III. Alleging that he encountered architectural barriers that impede access and deter full use is sufficient. The Amended Complaint identifies barriers encountered and the functional impact those barriers have on Plaintiff given his specific impairments. It would defeat the purpose of Title III of the ADA to require a disabled individual

to suffer physical injury to establish standing to seek removal of a known architectural barrier. Plaintiff's allegations clearly meet the threshold for standing.

> Moreover, a plaintiff should not be required to make continuous "futile" future attempts to enter the facility. Instead, as the First Circuit explained, "the existence of a private right of action ... does not depend upon how many attempts a plaintiff has made to overcome a discriminatory barrier, but, rather, upon whether the barrier remains in place." *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 305 (1st Cir.2003)

*Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1318-19 (M.D. Fla. 2010) aff'd, 444 Fed. Appx. 412 (11th Cir. 2011).

### B. *Plaintiff Sufficiently Alleges Threat of Future Injury*

In determining whether Plaintiff has alleged a real and immediate threat of future injury, the Court must consider whether "it is reasonable to infer from [the] complaint that his discriminatory treatment will continue" and whether "it is also reasonable to infer, based on the past frequency of [the plaintiff's] visits and the proximity of [the public accommodation] to [his] home, that [he] intends to return to [the public accommodation] in the future." *Cohan v. Lakhani Hospitality, Inc.*, Case NO. 21-cv-005812, 2022 WL 797037 (N.D. Ill. 2022) quoting *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069 (7th Cir. 2013). At the motion to dismiss stage, the court must accept each of Plaintiff's allegations as if they were supported by evidence. *Cohan v. Naples Hotel Company*, Case No. 2:14-cv-450-FTM-38CM, 2014 WL 5782795 at *5 (M.D. Fla. 2014). As such, an argument that Plaintiff is a serial litigant and his return to the property would be implausible is invalid because this would require the court to "weigh the credibility of Plaintiff's complaint, instead of merely taking the facts in it as true." *Cohan v. Bonita Resort & Club Association, Inc*, Case No. 15-cv-61-FTM-38DNF, 2015 WL 2093565 (S.D. Fla. 2015).

To establish the threat of future injury, a plaintiff does not need to visit the facility or property more than once if it is out of compliance to have standing. *See Cohan v. Aurora*

*Hospitality, LLC*, Case No. 19-cv-00784-PAB-NRN (D. Colo. 2020) (citing *Tandy v. City of Wichita*, 380 F.3d 1277, 1284-89 (10th Cir. 2014)).   Rather, an allegation of returning to the property if the barriers are removed, and a history of frequent travel to the area are sufficient. *Id.*; *See also Cohan v. Lakhani Hospitality, Inc.*, Case No. 21-cv-005812, 2022 WL 797037 (N.D. Ill. 2022) (holding Plaintiff's complaint that alleged he traveled to Chicago on a regular basis to shop and visit friends and would return to the Facility if barriers to access were removed were factual allegations that must be taken as true and sufficiently set forth his claims and grounds upon which they rest); *Cohan v. Bonita Resort & Club Association, Inc,* Case No. 15-cv-000061-FTM-38DNF, 2015 WL 2093565 at *5 (S.D. Fla. 2015) (finding that plaintiff has faced discrimination at defendant's property based on his disability and because he intends to return, will continue to face discrimination based on his disability, thus properly alleging a sufficient allegation of future injury); *Cohan v. Bensenville Hosp., Inc.*, Case No. 15-cv-00214, 2016 WL 2733281 (N.D. Ill. 2016) (citing *Scherr*, 703 F.3d at 1074-75; *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

Here, Plaintiff has sufficiently illustrated that he will be affected by Defendant's conduct in the future. In Plaintiff's Amended Complaint, Plaintiff lists the exact date that he visited Defendant's Premises. [D.E. 24 at ¶ 7]. Next, Plaintiff alleges how he intends to "return and enjoy the goods and/or services" at the Defendant's Premises but "is precluded from doing so" because of the existing barrier violations. [D.E. 24 at ¶¶ 11, 34].   Plaintiff then establishes that he has frequently visited Kendall and Winter Springs and the surrounding areas where Defendant's Premises are located. [D.E. 24 at ¶¶ 12-21]. Plaintiff also notes that since his visits to the Premises, he has returned to both Kendall and Winter Springs. [D.E. 24 at ¶¶ 12-21].

In fact, Plaintiff has visits the Kendall area beyond frequently, with at least 21 documented trips between 2019 and 2025, including visits as recent as April 2, 2025. [D.E. 24 at ¶¶ 13-14]. Plaintiff holds season tickets for sporting events and has numerous friends and family members in the area and thus the number of visits is probably even more numerous. [*Id.*]. Plaintiff has concrete plans to return to the Kendall area by August 2025, consistent with his pattern of visiting every three to four months [D.E. 24 at ¶¶ 13-14].

Similarly, Plaintiff frequently travels to the Orlando area, with at least 10 documented trips between 2021 and 2025, including a visit in March 2025 [D.E. 24 at ¶¶ 18-19]. He plans to return to the Winter Springs area by December 2025, aligning with his pattern of visiting every four to six months. [D.E. 24 at ¶ 21] Additionally, Plaintiff has an established pattern of purchasing children's gifts at Five Below locations throughout Florida, with specific visits documented to at least five other Five Below stores between March 2024 and March 2025. [D.E. 24 at ¶ 22]

Such allegations of past visits to the area and Five Below stores are more than conjectural or hypothetical threats of future injury. Rather, Plaintiff has alleged in the Amended Complaint that he (1) is a frequent visitor to the areas, (2) is a frequent patron of the Defendant's business, (3) plans to return to both the city where the stores are located as well as the store itself, and (4) frequently travels near the defendant's businesses. *Marod Supermarkets*, 733 F.3d at 1329; *Bonita Resort,* 2015 WL 2093565; *Aurora Hospitality*, 2020 WL 1322866.

The Amended Complaint clearly establishes Plaintiff suffered an injury in fact when he encountered the barriers at Defendant's Premises as well as a "sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future" as he continues to visit not only the Kendall and Winter Springs area, but, specifically, the Five Below stores located in these regions. *Marod Supermarkets*, 733 F.3d at 1328 (citing *Wooden v. Bd. Of Regents of Univ. Sys. Of Ga.*,

247 F.3d 1262, 1284 (11th Cir. 2001)). Therefore, Plaintiff has sufficiently alleged enough facts to illustrate a concrete and particularized injury and the threat of future injury to satisfy the injury-in-fact requirement.

### C.   Plaintiff Has Already Been Found to Have Standing to Enforce These and Similar Barriers both in this District, in Other Districts Throughout Florida, and in Most Other District He Has Pursued ADA Claims

This Court has already been called to consider Plaintiff's standing on a complaint with similar allegations to the instant matter.

In 2018, the Honorable United States District Judge Dimitrouleas denied a motion to dismiss challenging Mr. Cohan's standing in *Cohan v. Pollo Operations, Inc.*, No. 9:18-cv-81582-WPD (S.D. Fla. 2018), specifically ordering:

> [The d]efendant also contends that [p]laintiff lacks standing to pursue the alleged ADA violations for failure to show how the alleged ADA violations relate to his alleged disability and for failure to identify concrete injuries he suffered as a result of those alleged violations. Here, upon consideration of the [a]mend
>
> ed [c]omplaint, the Court determines the [p]laintiff has alleged sufficient allegations to survive a 12(b)(6) motion.

Order Denying Defendant's Motion to Dismiss Amended Complaint, *Cohan v. Pollo Operations, Inc.*, No. 9:18-cv-81582-WPD (S.D. Fla. 2018), ECF No. 27.

The United States District Court for the Southern District of Florida  has  further held in *Cohan v. Sembler Family Partnership #41, LTD.*, No. 0:22-cv-61369-WPD (S.D. Fla. October 19, 2022), ECF No. 18., that Mr. Cohan's allegations that:

> he "will absolutely return to the Premises and avail himself of the services offered when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities," that he "would like to be able to be a patron of the Premises in the future . . . but is currently precluded from doing so," that he "intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA," that he "would like to return and enjoy the goods and/or services at the premises on a spontaneous, full and equal basis." ¶¶ 9, 12–13, 26… [and] that he frequently visits the Lauderhill area where the Premises is located

were sufficient to allege a definite plan to return to the subject store at issue. *Sembler Family Partnership #41.*

Similarly, in the United States District Court for the Middle District of Florida, the Honorable United States District Judge Chapell has twice denied a motion to dismiss challenging Mr. Cohan's standing in *Cohan v. Naples Hotel Co.* and *Cohan v. Bonita Resort & Club Association, Inc.*

In *Cohan v. Naples Hotel Co.,* Judge Chapell specifically ordered:

> In the Complaint, Plaintiff alleges that he "would like to return and enjoy the goods and/or services at [Defendants' Property] on a spontaneous, full and equal basis"; that he "is precluded from doing so by [ ] Defendant[s'] failure and refusal to provide disabled persons with full and equal access to their facilities"; that he "intends to visit [Defendants' Property] annually to verify compliance"; and that he believes "said violations will not be corrected without court intervention." (Doc. # 1 at 3, 6). Similar to the analysis above, Defendants' arguments might prove successful at later stages in the litigation. But when Plaintiff's allegations are taken as for the purposes of this Motion, Plaintiff has sufficiently established a genuine threat of imminent and future injury that satisfies the "injury-in-fact" standing requirement. Therefore, Defendants' Motion to Dismiss as to Plaintiff's lack of standing must be denied.

Order, *Cohan v. Naples Hotel Co.*, 2:14-CV-450-FTM-38CM (M.D. Fla. Nov. 6, 2014), ECF No. 14.

In *Cohan v. Bonita Resort & Club Association, Inc.,* Judge Chapell specifically ordered:

> Plaintiff successfully alleges the factors necessary to plead a *prima facie* case of discrimination under the ADA. And, as a result, plausibly states a claim upon which relief can be granted. Therefore, Defendant's Motion to Dismiss on this basis must be denied.

Order, *Cohan v. Bonita Resort & Club Association, Inc.,* Case No. 2:15-cv-61-FtM-38DNF (M.D. Fla. 2015), ECF No. 15.

Not only have numerous Florida courts reviewed Plaintiff's standing in similar cases, but numerous others have as well. *See Cohan v. Aurora Hospitality*, Case No. 19-cv-00784-PAB-

NRN2020, WL 1322866 (D. Colo. 2020) (holding testers have standing under the ADA so long as the tester can satisfy the other elements of standing); *Cohan v. Lakhani Hospitality, Inc*., Case NO. 21-cv-005812, 2022 WL 797037 (N.D. Ill. 2022) (holding "[g]iven Cohan's past travel history and [his] affirmative desire to stay at [the Facility] but for the alleged violations, he has standing to sue"); *Cohan v. Lakhani Hospitality, Inc.*, Case No. 21-cv-005812, 2022 WL 797037 (N.D. Ill. 2022) (finding that plaintiff's factual allegations, taken as true at this stage, sufficiently set forth plaintiff's claims and grounds upon which they rest).

As stated, this Court has already considered Plaintiff's standing to bring claims of discrimination under the ADA, thoroughly reviewing Plaintiff's disabilities, his injuries in fact, threat of future injuries, and all other factors surrounding the requirements.

## <u>CONCLUSION</u>

Plaintiff has fully pled a claim under Title III of the Americans with Disabilities Act despite the improper allegations of Defendant's Motion to Dismiss. Plaintiff's factual allegations within his Amended Complaint sufficiently satisfy and surpass the minimum threshold required to state a claim upon which relief can be granted. Viewing all of the facts *within the four corners* of Plaintiff's Amended Complaint in the light most favorable to Plaintiff, Defendant's Motion to Dismiss must be denied.

WHEREFORE, Plaintiff, HOWARD COHAN, respectfully requests that this Court enter an Order denying EHP PLANTATION VENTURES, LLC's Motion to Dismiss and grant any further relief the Court deems just and equitable.

Dated May 22, 2025

Respectfully submitted,

**Sconzo Law Office, P.A.**
300 Avenue of the Champion, Suite 260

Palm Beach Gardens, FL 33418
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
Primary Email: greg@sconzolawoffice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2025, I electronically filed the foregoing document

with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served

this day on counsel of record in this action via transmission of Notices of Electronic Filing

generated by CM/ECF.

**By: /s/ Gregory S. Sconzo**
Gregory S. Sconzo, Esq.
Florida Bar No.: 0105553